1  David T. Biderman, Bar No. 101577
   DBiderman@perkinscoie.com
2  Aaron R. Goldstein, Bar No. 239423
   AGoldstein@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
4  Los Angeles, CA 90067-1721
   Telephone: 310.788.9900
5  Facsimile: 310.788.3399

6  Attorneys for Defendant
   AQUATIC SALES SOLUTIONS LLC
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 REBEKAH RODRIGUEZ,                     Case No.
   individually and on behalf of all
12 others similar situated               **NOTICE OF REMOVAL**

13                       Plaintiff,

14     v.

15 AQUATIC SALES SOLUTIONS
   LLC, a Delaware entity d/b/a
16 WWW.BULKREEFSUPLY.COM

17                       Defendant.

18

19 **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

20 **CENTRAL DISTRICT OF CALIFORNIA:**

21          **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and

22 1446, defendant AQUATIC SALES SOLUTIONS LLC, a Delaware corporation

23 d/b/a WWW.BULKREEFSUPLY.COM ("Defendant") hereby removes this case,

24 originally filed in the Superior Court of the State of California, County of Los

25 Angeles, to the United States District Court for the Central District of California.

26             **REMOVAL IS PROCEDURALLY PROPER**

27          1.      On June 5, 2023, an action was commenced in the Superior Court of

28 the State of California in and for the County of Los Angeles, entitled *Rebekah*

*Rodriguez v. Aquatic Sales Solutions LLC,* as case number 23STCV12907 (the "Complaint"). A copy of the Complaint, summons, and all pleadings received by Defendant are attached hereto as **Exhibit A**.

2.    Defendant was first served with a copy of the Complaint on June 16, 2023; therefore, this Notice is timely because it is filed and served within 30 days of service of the Complaint upon Defendant. 28 U.S.C. § 1446(b).

**VENUE**

3.    Venue lies in the United States District Court in and for the Central District of California, pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), as said District Court is the federal judicial district embracing the Los Angeles County Superior Court, where the suit was originally filed, 28 U.S.C. § 84(c).

**INTRADISTRICT ASSIGNMENT**

4.    Pursuant to 28 U.S.C. § 84(c)(2), assignment to the United States District Court for the Central District of California is proper because Plaintiff filed this action in the Superior Court of California, County of Los Angeles.

**JURISDICTION**

5.    This Court has federal question jurisdiction over this action. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Plaintiff alleges Defendant violated provisions of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. (*See* Ex. A, the Complaint ¶¶ 28-33.) Because Plaintiff's claims arise under the laws of the United States, this Court has original jurisdiction over the action. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a).

**OTHER COMPLIANCE**

6.    As required by 28 U.S.C. § 1446(a), true and correct copies of all pleadings and orders served upon Defendant are filed herewith as **Exhibit A**.

NOTICE OF REMOVAL

1  Additionally, a true and correct copy of the state court's docket is attached hereto as
2  **Exhibit B**.

3      7.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve on
4  Plaintiff and file with the Superior Court a "Notice to Adverse Party of Removal to
5  Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), Defendant will
6  also file with this Court a "Certificate of Service of Notice to Adverse Party of
7  Removal to Federal Court."

8      **WHEREFORE**, Defendant requests that this Court consider this Notice of
9  Removal as provided by law governing the removal of cases to this Court, that this
10 Court take such steps as are necessary to achieve the removal of this matter to this
11 Court from Los Angeles County Superior Court, and that this Court will make such
12 other orders as may be appropriate to effect the preparation and filing of a true
13 record in this cause of all proceedings that may have been had in the state court
14 action.

15 DATED: June 30, 2023          **PERKINS COIE LLP**
16
17                              By: */s/ Aaron R. Goldstein*
18                                  Aaron R. Goldstein, Bar No. 239423
                                    AGoldstein@perkinscoie.com
19                              Attorneys for Defendant
                                AQUATIC SALES SOLUTIONS LLC
20
21
22
23
24
25
26
27
28

-3-                                              NOTICE OF REMOVAL

162766645.1

# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>AQUATIC SALES SOLUTIONS LLC, a Delaware entity d/b/a<br>WWW.BULKREEFSUPPLY.COM,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>REBEKA RODRIGUEZ, individually and on behalf of all others similar<br>situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**6/05/2023 12:00 AM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By D. Jackson Aubry, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>312 N. Spring Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>23STCV12907 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091)
PACIFIC TRIAL ATTORNEYS, APC                                         Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

DATE: 06/06/2023     Clerk, by David W. Slayton, Executive Officer/Clerk of Court     Deputy
*(Fecha)*                *(Secretario)* D. Jackson Aubry                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AQUATIC SALES SOLUTIONS LLC, a Delaware entity d/b/a WWW.BULKREEFSUPPLY.COM

   under: ☐ CCP 416.10 (corporation)                    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

1   PACIFIC TRIAL ATTORNEYS
    A Professional Corporation
2   Scott J. Ferrell, Bar No. 202091
    sferrell@pacifictrialattorneys.com
3   4100 Newport Place Drive, Ste. 800
    Newport Beach, CA 92660
4   Tel: (949) 706-6464
    Fax: (949) 706-6469
5
    Attorneys for Plaintiff
6

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/05/2023 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

7

8                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                                COUNTY OF LOS ANGELES

10

11   REBEKA RODRIGUEZ, individually and on       Case No. 23STCV12907
     behalf of all others similar situated,
12
                    Plaintiffs,                   **CLASS ACTION COMPLAINT FOR**
13                                                **VIOLATION OF THE VIDEO**
                    v.                            **PROTECTION PRIVACY ACT**
14
     AQUATIC SALES SOLUTIONS LLC, a
15   Delaware entity d/b/a
     WWW.BULKREEFSUPPLY.COM,
16
17                  Defendant.

18

19

20

21

22

23

24

25

26

27

28

1

### I.    INTRODUCTION

2      Defendant encourages consumers to watch videos on its website at www.bulkreefsupply.com.

3  Each video is a "digital trojan horse" that Defendant uses to secretly collect unique personally

4  identifiable information ("PII") about visitors, which Defendant then reports to Google alongside the

5  title of every video watched.  Defendant then monetizes the secretly-harvested PII by bombarding

6  unsuspecting visitors with targeted marketing based upon their video viewing habits.  Collectively, these

7  actions allow any ordinary person to identify particular individuals as having watched specific video

8  materials.

9      Defendant's actions constitute a clear violation of the Video Privacy Protection Act, 18 U.S.C.

10  § 2710 ("VPPA").  As such, Defendant is liable to each class member for $2,500 per violation.

11

### II.    JURISDICTION AND VENUE

12      1.      As a Court of general jurisdiction, This Court has jurisdiction over all matters presented

13  to it per the mandates of the California Constitution.  Under the doctrine of concurrent jurisdiction, this

14  jurisdiction extends to matters arising under federal law, as this case does.  *See Gulf Offshore Co. v.*

15  *Mobil Oil Corp.*, 453 U.S. 473, 478 (1981).

16      2.      Venue is proper in this County in accordance with California Code of Civil Procedure

17  Section 394(b) because "none of the defendants reside in the state."  As such, venue is proper "in any

18  county that the plaintiff may designate in his or her complaint."

19      3.      Defendant is subject to jurisdiction under California's "long-arm" statute found at

20  California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant

21  is not "inconsistent with the Constitution of this state or the United States."  Indeed, Plaintiff believes

22  that Defendant generates a minimum of eight percent of revenues from its website based upon

23  interactions with Californians (including instances in which the website operates as a "gateway" to

24  sales), such that the website "is the equivalent of a physical store in California."  Since this case involves

25  illegal conduct emanating from Defendant's operation of its website targeting Californians, California

26  courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of

27  Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

28

1

## III.    PARTIES

2      4.      Plaintiff is a resident of California. Plaintiff is also a consumer privacy advocate who

3  works as a "tester" to ensure that companies abide by the privacy obligations imposed by federal law.

4  As an individual who advances important public interests at the risk of vile personal attacks, Plaintiff

5  should be "praised rather than vilified." *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th

6  Cir. 2006). Indeed, the Ninth Circuit recently made exceptionally clear that it is "necessary and desirable

7  for committed individuals to bring serial litigation" to enforce and advance consumer protection statutes,

8  and that Courts must not make any impermissible credibility or standing inferences against them.  *See*

9  *Langer v. Kiser*, 57 F.4th 1085, 1095 (9th Cir. 2023).

10      5.      Defendant is a Delaware entity that sells aquarium supplies and related products via its

11  website throughout the United States and in this County.

12

## IV.    FACTUAL ALLEGATIONS

13  **A. Background of the Video Privacy Protection Act.**

14      6.      The Video Privacy Protection Act of 1988 (18 U.S.C. § 2710) ('VPPA') regulates the

15  disclosure of information about consumers' consumption of video content.  The VPPA prohibits

16  businesses that deliver "video cassette tapes or similar audio visual materials" from "knowingly

17  disclosing, to any person, personally identifiable information concerning any consumer of such provider.

18  . . .". 18 U.S.C. § 2710(a)-(b).

19      7.      Indeed, the Harvard Law Review approvingly summarizes the VPPA as follows:

20      *In the United States' patchwork privacy regime, the VPPA is a unique gap-filler, extending*

21      *protection to the expressive activities recognized as vital to the First Amendment but left*

22      *underprotected by the Fourth.  This Chapter argues that technological and doctrinal changes*

23      *have done less damage to the Video Privacy Protection Act than one might expect. . .The VPPA*

24      *and recent cases deploying the Act suggest that courts are not hesitant to recognize privacy*

25      *harms as "injuries" when the harms implicate intellectual privacy. Because of its broad,*

26      *technology-neutral language, the VPPA has managed to weather the past forty years. Though*

27      *the statute's effectiveness, like that of any other statute, depends on reasonable judicial*

28      *interpretation, the VPPA's resilience despite technological and doctrinal changes indicates that*

1    *the statute might prove an appropriate model for the next logical step in safeguarding the privacy*

2    *of expressive activity: federal reader privacy legislation.*

3    *The Video Privacy Protection Act as a Model Intellectual Privacy Statute*, 131 Harv. L. Rev. 1766 (April

4    2018).

5    **B. Defendant is a Video Tape Services Provider under the VPPA.**

6        8.      Defendant advertises video content on its website and encourages visitors to its website

7    to watch the video content that Defendant hosts there:

8    **Figure 1**

9

10

11

12    

13

14

15

16

17

18

19

20

21        9.      Defendant is substantially involved in the creation and distribution of video content to

22    visitors to its website.  As shown above, the video content is uniquely tailored to serve several core

23    purposes of Defendant's business such as promoting brand awareness, encouraging visitors to use and

24    purchase Defendant's products, and encouraging visitor engagement with Defendant's website.

25        10.     The use of website videos is an integral part of Defendant's business, and the creation,

26    editing, and distribution of such videos is a significant part of Defendant's core operations.

27        11.     Based on the preceding facts, Defendant is a "video tape service provider" as defined by

28    the VPPA.  Indeed, multiple courts have held that companies that deliver audiovisual content over the

internet are subject to the VPPA. *See, e.g., Belozerov v. Gannett Co., Inc.*, - F. Supp. 3d -, 2022 WL

- 4 -

1 | 17832185, at *3 (D. Mass. Dec. 20, 2022); *Czarnionka v. The Epoch Times Ass'n, Inc.*, 2022 WL
2 | 17069810, at *4 (S.D.N.Y. Nov. 17, 2022) (websites that noting complaint's allegation that
3 | owner/operator of theepochtimes.com delivers audiovisual materials including "news programs,
4 | television shows, documentaries, movies, and other audiovisual content"); *Lebakken v. WebMD, LLC*,
5 | 2022 WL 16716151, at *1, *3 & n.2 (N.D. Ga. Nov. 4, 2022) (noting allegation that owner/operator of
6 | WebMD.com provides "online health information and medical news"); *Ambrose v. Boston Globe Media*
7 | *Partners LLC*, 2022 WL 4329373, at *2 (D. Mass. Sept. 19, 2022) (noting allegation that
8 | bostonglobe.com "is engaged in the business of delivering various types of video content"); *Cappello v.*
9 | *Walmart Inc.*, 2019 WL 11687705, at *2 (N.D. Cal. Apr. 5, 2019) (Seeborg, J.) (denying motion to
10 | dismiss regarding walmart.com); *In re Hulu Privacy Litig.*, 2012 WL 3282960 at *6 (rejecting argument
11 | that VPPA does not cover streaming service purportedly because VPPA does not expressly cover digital
12 | distribution).

13 | **C. Plaintiff is a Both a "Consumer" and a "Subscriber" Under the VPPA.**

14 | 12. The VPPA defines the term "consumer" to mean "any renter, purchaser, or subscriber of
15 | goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1) (emphasis added).

16 | 13. Plaintiff watched the video set forth above titled *"Sport X10 All New Workout Earbuds"*
17 | in 2023 on Defendant's website at the link https://us.soundcore.com/products/a3961021.

18 | 14. Plaintiff has purchased goods from Defendant in the past. As such, Plaintiff is a
19 | "consumer" under the VPPA.

20 | 15. Plaintiff has downloaded Defendant's "app" onto Plaintiff's smart phone. As such,
21 | Plaintiff is also a "subscriber" under the VPPA. As explained by the Eleventh Circuit, "payment is not
22 | a necessary element of subscription." *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1256 (11th Cir.
23 | 2015) (holding that subscribing to free periodicals, newsletters, blogs, videos, and other services
24 | qualifies as "subscriber" under the VPPA. *8); *see also Belozerov*, 2022 WL 17832185, at *3 (no
25 | payment necessary to qualify as a subscriber under the VPPA); and *Yershov v. Gannett Satellite Info*
26 | *Network, Inc.*, 820 F.2d 482, 487 (1st Cir. 2016) ("we decline to interpret the statute as incorporating
27 | monetary payment as a necessary element").

28 |

**D. Defendant Knowingly Disclosed Plaintiff's Personally Identifying Information to Google.**

16.     The VPPA defines "personally identifiable information" or "PII" as "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3).

17.     Google is an American multinational technology company focusing on artificial intelligence, online advertising, search engine technology, e-commerce, and consumer electronics. Plaintiff has a Google account uses the Google browser to navigate the internet. Google offers website owners like Defendant a tool called "Google Analytics" that allows companies to track the videos that visitors watch and report the title to Google. Many authorities regard Google Analytics as spyware, and some Countries have banned the use of Google Analytics altogether.[1]

18.     Google Analytics enables website owners like Defendant to use secret "cookies" to track users and report their PII to Google. Indeed, there is a growing technical consensus – shared by the Federal Trade Commission – that Google Analytics tracks user PII and reports it to Google in a way that enables any ordinary person to link particular website actions (such as video views) to specific individual users by name, e-mail addresses, and other unique identifiers.[2]

---

[1]   Ostwal, Trishla. *Google Analytics in Hot Water by French Privacy Watchdog Over US Data Spying Concern.* Updated Feb. 10, 2022. https://www.adweek.com/programmatic/google-analytics-in-hot-water-by-french-privacy-watchdog-over-us-data-spying-concern/ (noting that France plans to ban Google Analytics altogether due to surveillance concerns).

[2]   *Google's Software Is Malware.* Updated April 2020. Accessed June 5, 2023. https://www.gnu.org/proprietary/malware-google.en.html (noting that "many web sites report all their visitors to Google by using the Google Analytics service, which tells Google the IP address and the page that was visited"); Ricknäs, Mikael. *Google Analytics Breaks Norwegian Privacy Laws, Local Agency Said.* Updated Aug. 21, 2012. Accessed June 5, 2023. https://www.pcworld.com/article/460787/google_analytics_breaks_norwegian_privacy_laws_local_agency_said.html (finding that "Google Analytics collects IP .. addresses and information about visitor behavior, [which is] data [that] can be traced back to an individual"); *Personal Identifiable Information (PII) In Google Analytics.* Updated July 20, 2020. Accessed June 5, 2023. https://blog.convertmind.com/personal-identifiable-information-pii-in-google-analytics/ (explaining that "it's … possible for PII to be collected by Google Analytics depending on how you have your site and your Analytics set up"); Matchett, Abby. *How Google Analytics Uses Cookies To Identify Users.* Updated Dec. 23, 2019. Accessed June 5, 2023. https://www.bounteous.com/insights/2019/12/23/how-google-analytics-uses-cookies-identify-users (explaining that the GA "client ID" stores your unique combination of browser/device and can be identifying); Ringvee, Silver. *Everything You Need to Know About Google Analytics User ID.* Updated May 11, 2021. Accessed June 5, 2023. https://reflectivedata.com/everything-need-know-google-analytics-user-id/ (explaining that "Using User ID, you are able to unify the sessions that a single user is making using different devices, into one user in Google Analytics"); Polonetsky, Jules, et al. *PII, Cookies, And De-ID: Shades Of Gray.* Updated April 25, 2016. Accessed June 5, 2023. https://iapp.org/news/a/pii-cookies-and-de-id-shades-of-gray/ (quoting the FTC chief as saying, "We regard data as 'personally identifiable,' and thus warranting privacy protections, when it can be *reasonably linked* to a particular person, computer, or device. In many cases, persistent identifiers such as device identifiers, MAC addresses, static IP addresses, or cookies meet this test").

Continued on the next page

1    19.    Measureschool.com, the world's leading business intelligence tool for Google Analytics,
2  provides the following "plain English" explanation of how Google analytics uses cookies: "*How does*
3  *Google Analytics identify users that it's tracking? Just like most tracking technologies out there it uses*
4  *cookies. In short, cookies are an easy way for Google Analytics to recognize users over multiple*
5  *sessions, which is really valuable for your data and subsequent marketing. Google Analytics code will*
6  *search your user's browser for the Google Analytics cookie and pull the relevant data. Since the cookie's*
7  *value is unique for each user, Google Analytics can use this cookie to identify a user who has been on*
8  *your website before.*" *See* https://measureschool.com/google-analytics-cookie/ (last downloaded June
9  2023).

10    20.    Indeed, Google itself warns website operators like Defendant that the Google Analytics
11  cookies can be used to collect and transmit PII in ways that allow unsophisticated laypersons to link
12  specific individuals with corresponding web activity: "*PII includes, but is not limited to, information*
13  *such as email addresses, personal mobile numbers, and social security numbers. Because laws across*
14  *countries and territories vary, and because Google Analytics can be used in many ways, consult an*
15  *attorney if you are in doubt whether certain information might constitute PII or not.*"    *See*
16  https://support.google.com/analytics/answer/6366371?hl=en#zippy=%2Cin-this-article.

17    21.    Defendant chose to install Google Analytics on its website to secretly spy on users to
18  create a profitable target marketing database. At the same time Defendant reports the titles watched to
19  Google, Defendant also reports a collection of cookies (including each visitor's corresponding _gid
20  cookie), which is a unique personal identification number assigned to each user's Google account. The
21  _gid cookie and other cookies utilized by Google Analytics operate as a "digital passport" that allows
22  Google, website operators, and ordinary persons to identify a particular visitor by name, address, and
23  location.

24    22.    The below exemplars show how Defendant reports both the title of videos viewed, along
25  with the _Gid cookie that allows Google to identify every consumer by name, as well as corresponding
26  visitor PII to Google:

27
28

**Figure 2**



**Figure 3**

Collectively, Defendant's reporting to Google identifies a particular person as having viewed a specific video at a specific time and a specific place. In other words, Defendant's actions readily permit an ordinary person to identify a particular individual's video-watching behavior. **In summary, Defendant knowingly does <u>precisely</u> what VPPA prohibits: specifically, it discloses to third parties the personally identifiable information (PII) of consumers derived from their video viewing habits, along with the title of any videos viewed by particular consumers. It does so secretly and without users' effective consent. Defendant's conduct is illegal, offensive, and contrary to visitor expectations.**

**V.  CLASS ALLEGATIONS**

22.  Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons in the United States who played video content on The Website and whose PII was disclosed by Defendant to any third party during the two years preceding the filing of this action (the "Class Period").**

23.    **Numerosity:** At this time, Plaintiff does not know the exact number of members of the aforementioned Class. However, given the popularity of Defendant's website, the number of persons within the Class is believed to be so numerous that joinder of all members is impractical.

24.    **Commonality and Predominance:** There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual members of the Class include:

a)    whether Defendant is a VTSP under the VPPA;

b)    whether class members are "consumers" under the VPPA;

c)    whether Defendant knowingly disclosed class members' PII to Google; and

d)    whether Defendant's disclosures were committed knowingly.

25.    **Typicality:** Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, used the Website to play videos, and had PII collected and disclosed by Defendant.

26.    **Adequacy:** Plaintiff has retained qualified and competent counsel who are highly experienced in complex consumer class action litigation. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of the Class.

27.    **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable. Even if every member of the Class could afford to pursue individual litigation, the court system could not. Plaintiff anticipates no difficulty in the management of this action as a class action.

## VI.    CAUSE OF ACTION

### VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT

#### 18 U.S.C. § 2710, *et seq.*

28.    Defendant is a "video tape service provider" under the VPPA as set forth above. *See* 18 U.S.C. § 2710(a)(4) (emphasis added).

29.    Plaintiff and members of the Class are "consumers" and "subscribers" as set forth above. *See* 18 U.S.C. § 2710(a)(1) (emphasis added).

30.     Defendant disclosed Class members' PII to Google as set forth above.

31.     Defendant did so knowingly as set forth above.

32.     Defendant did so without informed, effective consent as set forth above.

33.     For violating the VPPA, Defendant is liable for (1) statutory damages in the amount $2,500 per violation; (2) punitive damages; and (3) recovery of attorneys' fees. *See* 18 U.S.C. § 2710(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant, individually and on behalf of all others similarly situated, as follows:

a.     For appropriate class certification orders;

b.     For all relief available under the VPPA, including without limitation statutory damages, punitive damages, and attorneys' fees;

c.     For any and all other relief, at law or equity, that may be appropriate.

Dated: June 6, 2023                              PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar #202091)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660 | |

TELEPHONE NO.: (949) 706-6464          FAX NO.:

ATTORNEY FOR *(Name):* Plaintiff and the Class

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 312 N. Spring Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: SPRING STREET COURTHOUSE

**Electronically FILED by
Superior Court of California,
County of Los Angeles
6/05/2023 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk**

CASE NAME:

Rodriguez, et al. v. Aquatic Sales Solutions LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 23STCV12907 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [X] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses

   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court

   c. [ ] Substantial amount of documentary evidence    f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify):* One (1)

5. This case [X] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 6, 2023

Scott J. Ferrell
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriquez, et al. v. Aquatic Sales Solutions LLC | 23STCV12907 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Aquatic Sales Solutions LLC | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Aquatic Sales Solutions LLC | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Aquatic Sales Solutions LLC | |

| | | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|---|
| Provisionally Complex Litigation (Continued) | | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | | ☐ 4304 Election Contest | 2 |
| | | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Aquatic Sales Solutions LLC | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>6325 Sandburg Road, Suite 400 |
|---|---|---|---|
| CITY:<br>Golden Valley | STATE:<br>MN | ZIP CODE:<br>55427 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_
District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 06/06/2023

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

06/06/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _D. Jackson Aubry_ Deputy

</td></tr>
</table>

Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 23STCV12907

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Elihu M. Berle | 6 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 06/07/2023
   (Date)

By D. Jackson Aubry_____, Deputy Clerk

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )     FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL                                            )
                                                            )
                                                            )
                                                            )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i)    Depositions;

      ii)   Declarations;

      iii)  Exhibits (including exhibits to declarations);

      iv)   Transcripts (including excerpts within transcripts);

      v)    Points and Authorities;

      vi)   Citations; and

      vii)  Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

      Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

      Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

1    b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2        day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte

3        application must be provided to the court the day of the ex parte hearing.

4  9) PRINTED COURTESY COPIES

5    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6        be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If

7        the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8        by 10:00 a.m. the next business day.

9    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10        electronic submission) is required for the following documents:

11        i)    Any printed document required pursuant to a Standing or General Order;

12        ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26

13              pages or more;

14        iii)  Pleadings and motions that include points and authorities;

15        iv)   Demurrers;

16        v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17        vi)   Motions for Summary Judgment/Adjudication; and

18        vii)  Motions to Compel Further Discovery.

19    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20        additional documents. Courtroom specific courtesy copy guidelines can be found at

21        www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23    a) Fees and costs associated with electronic filing must be waived for any litigant who has

24        received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25        1010.6(d)(2).)

26    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27        section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be

28        electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2  For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6      This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019 

11                                 KEVIN C. BRAZILE
                                     Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| Scott J. Ferrell<br>Pacific Trial Attorneys, APC<br>4100 Newport Place Drive, Suite 800<br>Newport Beach, CA 92660 | 202091 | |

ATTORNEY FOR (Name): Plaintiff

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
312 N. Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
REBEKA RODRIGUEZ, et al.

DEFENDANT/RESPONDENT:
AQUATIC SALES SOLUTIONS LLC

| PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>23STCV12907 |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>Elihu M. Berle | Dept. Number:<br><br>6 |
|---|---|
| ☑ Judge          ☐ Commissioner | ☐ Referee |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Rebeka Rodriguez

Name of Party

☑ Plaintiff/Petitioner      ☐ Cross Complainant
☐ Defendant/Respondent    ☐ Cross Defendant
☐ Other:

Dated: June 14, 2023

Signature of Declarant

Scott J. Ferrell

Printed Name

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

Code Civ. Proc., § 170.6

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | )   ORDER PURSUANT TO CCP 1054(a),<br>)   EXTENDING TIME TO RESPOND BY<br>)   30 DAYS WHEN PARTIES AGREE<br>)   TO EARLY ORGANIZATIONAL<br>)   MEETING STIPULATION<br>) |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

1    Whereas the Early Organizational Meeting Stipulation is intended to encourage
2    cooperation among the parties at an early stage in litigation in order to achieve
3    litigation efficiencies;

4    Whereas it is intended that use of the Early Organizational Meeting Stipulation
5    will promote economic case resolution and judicial efficiency;
6
7    Whereas, in order to promote a meaningful discussion of pleading issues at the
8    Early Organizational Meeting and potentially to reduce the need for motions to
9    challenge the pleadings, it is necessary to allow additional time to conduct the Early
10   Organizational Meeting before the time to respond to a complaint or cross complaint
11   has expired;
12
13   Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in
14   which an action is pending to extend for not more than 30 days the time to respond to
15   a pleading "upon good cause shown";

16   Now, therefore, this Court hereby finds that there is good cause to extend for 30
17   days the time to respond to a complaint or to a cross complaint in any action in which
18   the parties have entered into the Early Organizational Meeting Stipulation.  This finding
19   of good cause is based on the anticipated judicial efficiency and benefits of economic
20   case resolution that the Early Organizational Meeting Stipulation is intended to
21   promote.
22
23
24   IT IS HEREBY ORDERED that, in any case in which the parties have entered
25   into an Early Organizational Meeting Stipulation, the time for a defending party to
26   respond to a complaint or cross complaint shall be extended by the 30 days permitted
27
28

-2-

ORDER PURSUANT TO CCP 1054(a)

1    by Code of Civil Procedure section 1054(a) without further need of a specific court

2    order.

3

4    DATED: _____

5                                             Carolyn B. Kuhl, Supervising Judge of the
                                              Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -3-

                        ORDER PURSUANT TO CCP 1054(a)

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| COURTHOUSE ADDRESS: |
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
               (INSERT DATE)                                 (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ➢ _____
     (TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)
Date:

_____      ➢ _____
     (TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____      ➢ _____
     (TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____      ➢ _____
     (TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____      ➢ _____
     (TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)
Date:

_____      ➢ _____
     (TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)
Date:

_____      ➢ _____
     (TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print          Save                                                          Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|



Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22
For Mandatory Use

# Exhibit B

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 23STCV12907

REBEKA RODRIGUEZ VS AQUATIC SALES SOLUTIONS LLC

**Filing Courthouse:** Spring Street Courthouse

**Filing Date:** 06/06/2023
**Case Type:** Claims Involving Mass Tort (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

None

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

AQUATIC SALES SOLUTIONS LLC DBA WWW.BULKREEFSUPPLY.COM - Defendant

FERRELL SCOTT J. - Attorney for Plaintiff

RODRIGUEZ REBEKA - Plaintiff

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

**06/22/2023** Proof of Service of Summons
Filed by Rebeka Rodriguez (Plaintiff)

**06/21/2023** Certificate of Mailing for ((Court Order Re: Case Reassignment;) of 06/21/2023)
Filed by Clerk

**06/21/2023** Minute Order ( (Court Order Re: Case Reassignment;))
Filed by Clerk

**06/14/2023** Certificate of Mailing for ((Court Order Re: CCP 170.6 Peremptory Challenge) of 06/14/2023)
Filed by Clerk

**06/14/2023** Minute Order ( (Court Order Re: CCP 170.6 Peremptory Challenge))
Filed by Clerk

**06/13/2023** Challenge To Judicial Officer - Peremptory (170.6)
Filed by Rebeka Rodriguez (Plaintiff)

**06/06/2023** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**06/06/2023** Civil Case Cover Sheet
Filed by Rebeka Rodriguez (Plaintiff)

**06/06/2023** Summons (on Complaint)
Filed by Rebeka Rodriguez (Plaintiff)

**06/06/2023** Complaint
Filed by Rebeka Rodriguez (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**

**06/21/2023** at 09:19 AM in Department 11, David S. Cunningham III, Presiding
Court Order

**06/14/2023** at 3:00 PM in Department 6, Elihu M. Berle, Presiding
Court Order

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**06/22/2023** Proof of Service of Summons; Filed by: Rebeka Rodriguez (Plaintiff); As to: Aquatic Sales Solutions LLC (Defendant); Service Cost: 179.00; Proof of Mailing Date: 06/16/2023; Service Cost Waived: No

**06/21/2023** Case reassigned to Spring Street Courthouse in Department 9 - Hon. Yvette M. Palazuelos; Reason: Other

**06/21/2023** Minute Order (Court Order Re: Case Reassignment;)

**06/21/2023** Certificate of Mailing for (Court Order Re: Case Reassignment;) of 06/21/2023; Filed by: Clerk

**06/14/2023** Case reassigned to Spring Street Courthouse in Department 11 - Hon. David S. Cunningham III; Reason: Challenge / Recusal, by Plaintiff

**06/14/2023** Minute Order (Court Order Re: CCP 170.6 Peremptory Challenge)

**06/14/2023** Certificate of Mailing for (Court Order Re: CCP 170.6 Peremptory Challenge) of 06/14/2023; Filed by: Clerk

**06/14/2023** Updated -- Challenge To Judicial Officer - Peremptory (170.6): Filed By: Rebeka Rodriguez (Plaintiff); Result: Granted ; Result Date: 06/14/2023 ; As To Parties:

**06/13/2023** Challenge To Judicial Officer - Peremptory (170.6); Filed by: Rebeka Rodriguez (Plaintiff); Judge Name: Elihu N. Berle

**06/07/2023** Case assigned to Hon. Elihu M. Berle in Department 6 Spring Street Courthouse

**06/06/2023** Complaint; Filed by: Rebeka Rodriguez (Plaintiff); As to: Aquatic Sales Solutions LLC (Defendant)

**06/06/2023** Summons on Complaint; Issued and Filed by: Rebeka Rodriguez (Plaintiff); As to: Aquatic Sales Solutions LLC (Defendant)

**06/06/2023** Civil Case Cover Sheet; Filed by: Rebeka Rodriguez (Plaintiff); As to: Aquatic Sales Solutions LLC (Defendant)

**06/06/2023** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

**06/06/2023** The case is placed in special status of: Class Action

**06/06/2023** The case is placed in special status of: Provisionally Complex – Case Type